■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT DINGLE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dunkin, J.), rendered May 30, 1984, convicting him of robbery in the first degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and criminal possession of stolen property in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The defendant contends that the trial evidence was insufficient to prove that he had control over the money which was stolen. He argues that he did not commit a complete larceny, and without having committed this crime he could not have properly been convicted of robbery in the first degree. The trial testimony reveals that the defendant, while wearing a mask, entered a supermarket and placed a loaded gun against the head of an employee who was standing several feet inside the door, and demanded that the cashiers put the money from their registers into a paper bag and hand it to him. He then took the paper bag, and still holding the gun to the employee's head, moved back toward the entrance door. The defendant had trouble exiting through the entrance door and released the employee, who turned on him. During the ensuing scuffle, the gun went off twice and the bag containing the money fell to the floor. The employee subdued the defendant with the help of others, and the police arrived and arrested him.

The defendant's taking the bag with the money, carrying it the short distance to the door, and holding it while he tried to exit through the entrance door is sufficient to show he exercised "dominion and control wholly inconsistent with the continued rights of the owner" (see, People v Olivo, 52 NY2d 309, 318). Thus, the defendant committed a complete larceny, and was properly convicted of robbery in the first degree. We have considered the defendant's other contentions and find them to be unpreserved for our review or without merit. Bracken, J. P., Kunzeman, Kooper and Spatt, JJ., concur.